which did not abut on the newly acquired street, was deemed to be benefited by the commissioners, and is included in their area of assessments. If the commissioners had confined their area of assessment to the land directly abutting on West 160th street, as it was acquired, the assessment against the land of the appellant would have been much greater. It would not be just or equitable to place an onerous assessment on the land fronting on 160th street east of Broadway. The lots in this section already had a frontage on a street 60 feet wide, regulated, graded, paved, and the abutting land well improved. These lots have already borne their assessments for the acquisition of the property for this street and for various local improvements. The only benefit they receive is the continuation of the street upon which they fronted to Riverside Drive. For this benefit a reasonable assessment was laid. More than that would have been inequitable. Comparing the northern piece of property on the block, opposite appellant's property, we find the award was $49,236, while the assessment was $52,259; that is, said property had to pay $3,000 for the street and contribute land, while appellant receives $6,607.55 more than it is assessed and has in addition the street and new corner lots. In view of the fact that the property which lies between Ft. Washington avenue and Broadway is much more valuable than that between Ft. Washington avenue and Riverside Drive, it is apparent that it would be a gross injustice to make the cheaper land pay for the dearer land, which would be the case if part of the assessment for benefit should be taken from the land to the east and added to that west of Ft. Washington avenue. We think that in this case the broad principle of payment block by block, modified, as it has been, by making the adjacent land pay for the benefit received, leads to an equitable and just result. We find no error in this record, and the order appealed from should be affirmed, with costs and disbursements to respondent. All concur.

———

WEYAND et al., Appellants, v. PARK TERRACE CO., Respondent, et al. (Supreme Court, Appellate Division, Second Department. April 29, 1910.) Action by Henry Weyand and another against the Park Terrace Company, impleaded with others. No opinion. Motion to dismiss appeal denied, without costs. See, also, infra.

———

WEYAND et al., Appellants, v. PARK TERRACE CO., Respondent, et al. (Supreme Court, Appellate Division, Second Department. April 29, 1910.) Action by Henry Weyand and another against the Park Terrace Company, impleaded with others. Order affirmed, with $10 costs and disbursements. See, also, 120 N. Y. Supp. 1151; also, supra.

———

WEYAND et al., Appellants, v. PARK TERRACE CO., Respondent, et al. (Supreme Court, Appellate Division, Second Department. June 17, 1910.) Action by Henry Weyand and another against the Park Terrace Company, im-

pleaded with others. No opinion. Order affirmed, with $10 costs and disbursements. See, also, supra.

———

WHEELER, Appellant, v. CARR, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 16, 1910.) Action by Charles A. Wheeler, as administrator, etc., against Cuyler E. Carr, as executor, etc.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the ground that the court properly exercised its discretion.

SPRING and WILLIAMS, JJ., dissent, upon the ground that the motion was granted on the sole ground that the plaintiff was a nonresident of the state, and not as matter of discretion.

———

WHITE et al., Respondents, v. HAYES et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 4, 1910.) Action by George W. White and another against Norman B. Hayes and another.

PER CURIAM. Judgment and order affirmed, with costs.

McLENNAN, P. J., dissents, upon the ground that the check was received and accepted as full payment.

———

In re WIDENING OF RIVERSIDE DRIVE. (Supreme Court, Appellate Division, First Department. May 20, 1910.) In the matter of the widening of Riverside Drive, etc. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

———

WIENER, Respondent, v. WIENER, Appellant. (Supreme Court, Appellate Division, First Department. June 10, 1910.) Action by Joseph Wiener against Sadie Wiener. J. P. Joachimsen, for appellant. F. Walling, for respondent.

PER CURIAM. Order affirmed, without costs. Order filed.

LAUGHLIN, J., dissents.

———

WIGGINS, Respondent, v. PASSMORE, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 3, 1910.) Action by Mary F. Wiggins against Samuel E. Passmore. No opinion. Judgment affirmed, with costs.

———

WILKENWICH, Respondent, v. WILKENWICH, Appellant. (Supreme Court, Appellate Division, Second Department. May 6, 1910.) Action by Marijona Wilkenwich against Klemens Wilkenwich. No opinion. Order affirmed, with $10 costs and disbursements.

———

WILLCOX v. GEORGETOWN DOCK & TERMINAL CO. (Supreme Court, Appellate Division, First Department. April 29, 1910.) Action by P. A. Willcox, as receiver, against the Georgetown Dock & Terminal Company. No opinion. Motion granted.

———

WILLCOX, Appellant, v. GEORGETOWN DOCK & TERMINAL CO. et al., Respondents. (Supreme Court, Appellate Division, First Department. June 3, 1910.) Action by